UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS YOUNG and GREGORY FILZEN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BABETTE E. HEIMBUCH, et al.,<br><br>Defendants. | CASE No. 2:10-cv-08914-ODW-MAN<br><br>PROTECTIVE ORDER ENTERED PURSUANT TO THE PARTIES' STIPULATION |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on the parties' Stipulation for Protective Order Regarding Subpoena To Produce and Permit Inspection and Copying of Documents ("Stipulation") filed on May 3, 2011, the terms of the Protective Order to which the parties have agreed are adopted as an order of this Court.

The parties are expressly cautioned that the designation of any information, document, or thing as confidential, or other designation(s) used by the parties, does not, in and of itself, create any entitlement to file such information, document, or thing, in whole or in part, under seal. Accordingly, reference to this Protective Order or to the parties' designation of any information, document, or thing as confidential, or other designation(s) used by the parties, is wholly insufficient to warrant a filing under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. The parties' mere designation of any information, document, or thing as confidential, or other designation(s) used by parties, does not — **without the submission of competent evidence, in the form of a declaration or declarations, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable** — constitute good cause.

Further, if sealing is requested in connection with a dispositive motion or trial, then compelling reasons, as opposed to good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See* Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. **Again, competent evidence supporting the application to file documents under seal must be provided by declaration.**

Any document that is not confidential, privileged, or otherwise protectible in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectible portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

Notwithstanding any other provision of this Protective Order, in the event that this case proceeds to trial, all information, documents, and things discussed or introduced into evidence at trial will become public and available to all members of the public, including the press, unless sufficient cause is shown in advance of trial to proceed otherwise.

/ / /

/ / /

## THE TERMS OF THE PROTECTIVE ORDER PURSUANT TO THE PARTIES' STIPULATION

Plaintiffs Thomas Young and Gregory Filzen ("Plaintiffs") and the Federal Deposit Insurance Corporation, in its capacity as receiver of First Federal Bank of California ("**FDIC-Receiver**") (together, the "Parties"), by and through their respective legal counsel, stipulate and apply to the Court for the issuance of a protective order as follows ("**Protective Order**"):

1. On March 3, 2011, Plaintiffs served a records only "Subpoena in a Civil Case" upon the FDIC-Receiver in the above-referenced action ("**Records Only Subpoena**").

2. On March 16, 2011, counsel for Plaintiffs and the FDIC-Receiver met and conferred regarding the Records Only Subpoena, including the nature and extent of documents sought by Plaintiffs.

3. On March 23, 2011, the FDIC-Receiver served objections and responses to the Subpoena ("Objections and Responses").

4. On April 14, 2011, the FDIC-Receiver through its counsel, and without waiver of its rights or objections raised in the Objections and Responses, identified 282 pages of documents responsive to the Records Only Subpoena that it had collected. The documents include the Employee Stock Ownership Plan ("Plan"), as amended and restated effective as of July 1, 2005, various amendments thereto, summaries of material modifications, summary plan descriptions, plan administrative committee minutes and resolutions, and some correspondence (collectively, the "Plan Documents"). The FDIC-Receiver identified additional documents being withheld on the basis of privilege.

5. The FDIC-Receiver has agreed to produce to Plaintiffs the Plan Documents referenced in paragraph 4 above, provided that certain of the documents are treated as confidential.

6. Plaintiffs intend to reference and attach certain of the Plan Documents in

pleadings filed with the Court in this action.

7. For purposes of this Protective Order, the Plan Documents referenced in paragraph 4 above shall be treated as confidential ("Confidential Documents") by the Plaintiffs with the exception of the following documents, which are not confidential, and which, among other things, may be attached to pleadings filed with the Court:

   a. The Plan, as amended and restated effective as of July 1, 2005;

   b. Any Summary Plan Descriptions;

   c. Any Plan amendments;

   d. Any Summaries of Material Modification; and

   e. Any Summary Annual Reports.

8. The Parties agree that Plaintiffs may reference Administrative Committee resolutions and minutes in pleadings filed with the Court. However, if Plaintiffs wish to attach Administrative Committee resolutions or minutes to any pleading, Plaintiffs shall seek leave to file such documents under seal in accordance with this Protective Order. In the event such leave is not granted, the documents shall not be attached pending a further meet and confer between Plaintiffs and the FDIC-Receiver to determine how to proceed further. Additionally, the FDIC-Receiver and Plaintiffs may at anytime meet and confer regarding the appropriateness of classifying the Administrative Committee resolutions or minutes as confidential.

9. By entering into this agreement, neither the FDIC-Receiver nor Plaintiffs waive any of their rights under the Records Only Subpoena or Objections and Responses.

10. Plaintiffs reserve their right to meet and confer with the FDIC-Receiver after they have had an opportunity to review the Plan Documents identified in paragraph 4 that are produced by the FDIC-Receiver. To the extent Plaintiffs and the FDIC-Receiver agree to the production of additional documents, including electronically stored information, Plaintiffs and

the FDIC-Receiver may enter into a separate protective order governing the production of such documents.

11. Further, entering into or agreeing to this Protective Order, and/or producing the documents referenced in paragraph 4, does not prejudice in any way the rights of either the FDIC-Receiver or Plaintiffs to petition the Court for a further protective order relating to the Records Only Subpoena.

12. No later than ten (10) days after the FDIC-Receiver's production of any documents pursuant to this Protective Order, Plaintiffs' counsel shall reimburse the FDIC-Receiver for the costs of producing documents pursuant to the Records Only Subpoena as provided for under 12 CFR 309.5 as follows: (a) all employee time spent searching for the Confidential Documents, at the rate of $109.00 per hour for executive level staff, $71.00 per hour for professional level staff, and $33.00 per hour for clerical level staff (the total amount to be supplied by the FDIC-Receiver with enough detail to show each person who worked on this matter, a description of the basis for the listed rates for each person, the number of hours worked on this matter, and an indication of the amount of time spent for each task associated with this matter); (b) the actual cost of copying the documents produced, at the rate of $0.25 per page (i.e., $70.50 for the 282 pages of documents being produced by the FDIC-Receiver); and (c) the cost of mailing, by overnight mail service, the documents to Plaintiffs.

13. All Confidential Documents made available to the Plaintiffs and/or their counsel pursuant to this Protective Order are provided solely for use in connection with the preparation, discovery in connection with, trial, and any appeal of this case, and for no other purpose. The Parties and their agents shall use reasonable steps to safeguard the confidentiality of all Confidential Documents. The attorneys of record for the Parties and all other persons receiving information governed by this Protective Order shall take all reasonable steps to ensure that the

information and Discovery Material governed by this Stipulation and Protective Order are: (i) used only for the purposes specified herein; and (ii) disclosed only to authorized persons.

14. Plaintiffs shall seek leave to file under seal Confidential Documents used in pre-trial submissions or in other documents filed with the Court (including any amendments to the complaint). In the event such leave is not granted, the Confidential Documents shall not be attached pending a further meet and confer between Plaintiffs and the FDIC-Receiver to determine how to proceed further. Additionally, the FDIC-Receiver and Plaintiffs may at anytime meet and confer regarding the appropriateness of classifying any Confidential Documents as confidential.

15. Subject to the other terms and conditions set forth in this Protective Order, the contents of Confidential Documents may be disclosed or communicated by Plaintiffs to counsel for the defendants and the defendants in this action, persons who are assisting counsel in the preparation and trial of this action, and to persons who may be called upon by any party to testify in this action, provided that counsel for any party seeking to make such disclosure or communication reasonably believes, in good faith, that such disclosure or communication is necessary to the prosecution or defense of this case, and further, provided that before making such disclosure or communication to any person not employed or working for counsels' law firms, the person to whom such disclosure and/or communication is made acknowledges in writing that he or she has read this Protective Order, and agrees to be bound by it. No witness, potential witness or other person retained or consulted by the Parties shall disclose in any manner the information contained in any Confidential Document, except in testimony during the trial, to persons not authorized to receive such information under this Protective Order. If a witness, potential witness, or other person consulted in connection with this trial is provided with copies of Confidential Documents, he or she shall promptly return them to Plaintiffs' counsel once he or

she has finished using them. The return of such information shall occur no later than the conclusion of this action, which shall be deemed to include the time within which appeals may be taken. Plaintiffs' counsel shall maintain and keep current a list of all persons to whom Confidential Documents and/or their contents have been disclosed.

16. The FDIC-Receiver does not waive any claim of privilege or any other legal right that it may have under State or Federal law by reason of any documents being made available under this Protective Order. The FDIC-Receiver shall have standing in this action to seek enforcement of this Protective Order.

17. Within 90 days of completion of this case, including any appeals, Plaintiffs' counsel shall return all copies of the Confidential Documents in their possession to the FDIC-Receiver or destroy such Confidential Documents within the same time period and certify to the FDIC-Receiver that the documents have been destroyed.

18. The Parties agree to be bound by the terms of the Stipulation pending the entry by the Court of the Protective Order, or an alternative thereto which is satisfactory to the Parties and the Court, and any violation of the terms of the Stipulation while entry of the Protective Order by the Court is pending, shall be subject to the same sanctions and penalties as if the Protective Order had been entered by the Court. Any violation of the terms of the Stipulation and Protective Order shall be punishable by relief deemed appropriate by the Court.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

19. This Protective Order shall bind all parties to this agreement upon the entry of the Protective Order as an order of this Court; however, the FDIC-Receiver, the Plaintiffs and/or the defendants and their counsel shall have the right to seek modification of this Protective Order upon reasonable notice to all parties bound by it. The provisions of this Protective Order shall remain in full force and effect, and shall be binding on all persons through the end of the trial, and any and all appeals.

**IT IS SO ORDERED.**

Dated: May 6, 2011

                                              */s/ Margaret A. Nagle*
                                              MARGARET A. NAGLE
                                        UNITED STATES MAGISTRATE JUDGE