JS-6

**ROSMAN & GERMAIN LLP**
Daniel L. Germain (State Bar No. 143334)
16311 Ventura Boulevard, Suite 1200
Encino, CA 91436-2152
Telephone: (818) 788-0877
Facsimile: (818) 788-0885
Email: germain@lalawyer.com

*Liaison Counsel for Named Plaintiffs and the Proposed Class*

*[Additional counsel listed on signature page]*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS YOUNG and GREGORY FILZEN, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> BABETTE E. HEIMBUCH, JAMES P. GIRALDIN, GISSELLE ACEVEDO, BRIAN E. ARGRETT, JESSE CASSO, JR., CHRISTOPHER M. HARDING, WILLIAM P. RUTLEDGE, STEVEN L. SOBOROFF, ADMINISTRATIVE COMMITTEE OF THE FIRST FEDERAL BANK OF CALIFORNIA EMPLOYEE STOCK OWNERSHIP PLAN and DOES 1-10, <br><br> Defendants. | Case No.: 10-cv-8914-ODW-MAN |

## ORDER AND FINAL JUDGMENT

- 1 -

ORDER AND FINAL JUDGMENT

This *Action* came on for hearing on _____ to determine the fairness of the proposed settlement (the "*Settlement*") presented to the Court on _____ [date] and the subject of this Court's Order Granting Preliminary Approval of Class Action Settlement, Preliminarily Certifying a Class for Settlement Purposes, Approving Form and Manner of Class Notice, and Setting Date for Hearing on Final Approval of Settlement (Court File No. ___). The issues having been duly heard and a decision having been duly reached,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

Except as otherwise defined herein, all capitalized and/or italicized terms used in this Order and Final Judgment shall have the same meanings as ascribed to them in the *Settlement Agreement* between *Named Plaintiffs* and *Defendants*.

1. The *District Court* has jurisdiction over the subject matter of the *Action* and over all parties to the *Action*, including all members of the *Settlement Class*.

2. For the sole purpose of settling and resolving the *Action*, the *District Court* certifies this action as a Class Action under FED. R. CIV. P. 23(a) and 23(b)(1). The *Settlement Class* is defined as:

> All *Persons*, excluding the *Defendants* and their *Immediate Family Members*, who were participants in or beneficiaries (including alternate payees) of the *Plan* at any time between January 26, 2007 and August 5, 2011 and whose accounts included investment in *Company Stock* at any point during that time period.

3. Thomas Young and Gregory Filzen (the "*Named Plaintiffs*") are appointed as class representatives, Kessler Topaz Meltzer & Check, LLP, is appointed as *Class Counsel* and Rosman & Germain LLP is appointed as *Liaison Counsel* pursuant to FED. R. CIV. P. 23(g).

4. The Court finds for the sole purpose of settling and resolving the *Action* that:

- 2 -

ORDER AND FINAL JUDGMENT

(a) The numerosity requirement of FED. R. CIV. P. 23(a)(1) is satisfied because the *Settlement Class* is so numerous that it is impractical to bring all *Settlement Class* members before the *District Court* individually.

(b) The commonality requirement of FED. R. CIV. P. 23(a)(2) is satisfied because the allegations of the *Settlement Class* present common questions of law or fact, including:

(i) Whether the *Defendants* were fiduciaries and breached fiduciary obligations to the *Plan* and participants by causing the *Plan* to offer *Company Stock* as an investment option for the *Plan*;

(ii) Whether the *Defendants* breached fiduciary obligations to the *Plan* and its participants by providing incomplete and inaccurate information to participants regarding the propriety of investing in *Company Stock*;

(iii) Whether certain *Defendants* breached fiduciary obligations to the *Plan* and its participants by failing to monitor other *Defendants*; and

(iv) Whether the alleged breaches of fiduciary duty by the *Defendants* caused the *Plan* and its participants and beneficiaries to suffer losses.

(c) The typicality requirement of FED. R. CIV. P. 23(a)(3) is satisfied because the claims of the *Named Plaintiffs* arise from the same alleged course of conduct that gives rise to the claims of the *Settlement Class*, and the *Named Plaintiffs'* claims are based on the same legal theory as those of the *Settlement Class*. The *Named Plaintiffs* allege that they were *Plan* participants during the *Class Period* with a *Plan* accounts that included investments in *Company Stock*, that the *Plan's* fiduciaries treated them and all other *Plan* participants alike, and that *Plan*-wide relief is necessary and appropriate under *ERISA*. Under these circumstances, for purposes of the *Settlement* only, and subject to the foregoing, the claims asserted by the *Named Plaintiffs* are sufficiently typical of the claims asserted by the *Settlement Class* as a whole to satisfy FED. R. CIV. P. 23(a)(3).

(d) The adequacy requirement of FED. R. CIV. P. 23(a)(4) is satisfied. For the purposes of this *Settlement*, the *District Court* finds that the *Named Plaintiffs* have no conflicting interests with absent members of the *Settlement Class*. Further, the *District Court* is satisfied that *Class Counsel* are qualified, experienced, and are further prepared to represent the *Settlement Class* to the best of their abilities.

(e) The requirements of FED. R. CIV. P. 23(b)(1) are also satisfied. Given the *Plan*-representative nature of *Named Plaintiffs'* breach of fiduciary duty claims, there is a risk that failure to certify the *Settlement Class* would leave future plaintiffs without relief and there is also a risk of inconsistent dispositions that might prejudice the *Defendants*. This case is appropriate for class certification, for the purposes of this *Settlement,* under FED. R. CIV. P. 23 (b)(1).

(f) The *District Court* has also considered each of the elements required by FED. R. CIV. P. 23(g) in order to ensure that *Class Counsel* will fairly and adequately represent the interests of the *Settlement Class*. *Class Counsel* have done the work necessary to identify or investigate potential claims in the *Action*, to investigate the allegations made in the *Complaint*, including, reviewing publicly available information, reviewing documents and materials uncovered in their investigation, and representing the interests of the *Settlement Class* during the litigation. *Class Counsel* have substantial experience in handling class actions and claims of the type asserted in this *Action*. *Class Counsel* have also demonstrated extensive knowledge of the applicable law. The *District Court* concludes that *Class Counsel* have fairly and adequately represented the interests of the *Settlement Class*.

(g) The *Settlement Class* has received proper and adequate notice of the *Settlement Agreement*, the *Fairness Hearing, Class Counsel's* application for attorneys' fees and expenses and for *Case Contribution Awards* to the *Named Plaintiffs*, and the *Plan of Allocation*, such notice having been given in accordance with the Order Granting Preliminary Approval of Class Action Settlement,

Preliminarily Certifying a Class for Settlement Purposes, Approving Form and Manner of Class Notice, and Setting Date for Hearing on Final Approval of Settlement (Court File No. ___). Such notice included individual notice to all members of the *Settlement Class* who could be identified through reasonable efforts, as well as notice through a dedicated website on the internet, and provided valid, due, and sufficient notice of these proceedings and of the matters set forth in this Order, and included sufficient information regarding the procedure for the making of objections. Such notice fully satisfied the requirements of FED. R. CIV. P. 23 and the requirements of due process.

5. The Court hereby approves the *Settlement Agreement* and orders that the *Settlement Agreement* shall be consummated and implemented in accordance with its terms and conditions.

6. Pursuant to FED. R. CIV. P. 23(e), the Court finds that the *Settlement* embodied in the *Settlement Agreement* is a fair, reasonable, and adequate settlement and compromise of the claims asserted in this *Action*. Specifically, the Court finds that:

(a) The *Settlement* was negotiated vigorously and at arm's-length by counsel for the *Defendants,* on the one hand, and the *Named Plaintiffs* and *Class Counsel* on behalf of the *Settlement Class*, on the other hand;

(b) This *Action* settled after *Defendants* had answered the operative complaint in this matter;

(c) *Named Plaintiffs* and *Defendants* had sufficient information to evaluate the settlement value of the *Action*;

(d) If the *Settlement* had not been achieved, the *Parties* faced the expense, risk, and uncertainty of extended litigation;

(e) The amount of the *Settlement* – eight hundred thousand dollars ($800,000) – is fair, reasonable, and adequate;

(f) At all times, the *Named Plaintiffs* acted independently of *Defendants* and in the interest of the *Settlement Class*; and

(g) The Court has duly considered and rejected any objections to the *Settlement* that were filed.

7. The *Plan of Allocation* is approved as a fair and reasonable plan to restore losses to *Settlement Class* members on account of investments in *Company Stock* during the *Class Period*, and *Class Counsel* and the designated *Settlement Administrator* are directed to administer the *Plan of Allocation* in accordance with its terms and provisions.

8. The *Action* is hereby dismissed with prejudice, each party to bear his, her, or its own costs, except as expressly provided herein.

9. Upon the *Effective Date*, the following claims are released by operation of this Order and *Final Judgment*, as set forth in Section 3 of the *Settlement Agreement*:

(a) <u>*Named Plaintiffs'* the *Settlement Class'*, and the *Plan's* Releases</u>. The *Named Plaintiffs*, The *Settlement Class,* and the *Plan* shall and hereby do conclusively, absolutely, unconditionally, irrevocably, and forever release and discharge the *Plaintiffs' Released Persons* from any and all *Plaintiffs' Released Claims*. The *Settlement Agreement* defines *Plaintiffs' Released Claims* as "any and all *Claims* of any nature whatsoever, whether individual, representative, or derivative, known or unknown, accrued or unaccrued (including *Unknown Claims* and *Claims* for any and all losses, damages, unjust enrichment, attorney's fees, litigation costs, injunction, declaration, contribution, indemnification or any other type of legal or equitable relief whether known, unknown, unsuspected), by or on behalf of the *Plan*, the *Named Plaintiffs*, and each and every member of the *Settlement Class*, including their respective heirs, beneficiaries, executors, administrators, past and present partners, agents, attorneys, *Successors*, and assigns, which are based upon, arise out

of, relate in any way to, directly or indirectly, the alleged conduct, omissions, breaches, duties, actions, transactions, occurrences, statements, representations, misrepresentations, omissions, allegations, facts, events, or any other matters that were, could have been, or in the future can or might be alleged or asserted: (a) in the *Action* and (b) under *ERISA* based on or relating to investment in *FirstFed Stock* by or through the *Plan* during the *Class Period*."

(b) <u>*Defendants'* Releases</u>. *Defendants* shall and hereby do conclusively, absolutely, unconditionally, irrevocably, and forever release and discharge the *Defendants' Released Persons* from any and all *Defendants' Released Claims*. The *Settlement Agreement* defines *Defendants' Released Claims* as "any and all *Claims* relating to the institution or prosecution of the *Action* or relating to the settlement of any of *Plaintiffs' Released Claims*."

(c) <u>Scope of Releases</u>.

(i) Nothing in the *Settlement Agreement* shall release or discharge any *Claim* that (a) has been or could be asserted directly or derivatively by any member of the *Settlement Class* or the *Plan* under the federal securities laws or the securities laws of any state regarding the purchase or sale of any *FirstFed* security or debt instrument.

(ii) The release and discharge set forth in Sections 3.1 and 3.2 of the *Settlement Agreement* shall not include the release of any rights or duties of the *Parties* arising out of the *Settlement Agreement*, including the express warranties and covenants contained therein.

(iii) *Named Plaintiff*, on her own behalf and on behalf of all members of the *Settlement Class* and the *Plan*, and *Defendants*, hereby expressly waive any and all rights and benefits respectively conferred upon her and them by the provisions of Section 1542 of the California Civil Code and all similar provisions of

- 7 -

ORDER AND FINAL JUDGMENT

the statutory or common laws of any other state, territory, or other jurisdiction. Section 1542 reads in pertinent part:

> A general release does not extend to claims that the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

*Named Plaintiffs*, on their own behalf and on behalf of all members of the *Settlement Class* and the *Plan*, and *Defendants* each hereby acknowledge that the foregoing waiver of the provisions of Section 1542 of the California Civil Code and all similar provisions of the statutory or common law of any other state, territory, or other jurisdiction was bargained for.

(d) <u>Covenants Not to Sue</u>.

(i) From and after the *Effective Date*, *Named Plaintiffs* and the *Settlement Class* are, without limitation, precluded, estopped, and forever barred from bringing or prosecuting any *Claim*, individual or derivative, released under Paragraph 9(a) above against any of *Plaintiffs' Released Persons* or the *Plan*. The foregoing covenant and agreement shall be a complete defense to any such *Claims* against any of *Plaintiffs' Released Persons* or the *Plan*.

(ii) From and after the *Effective Date*, *Defendants* are, without limitation, precluded, estopped, and forever barred from bringing or prosecuting any *Claim*, individual or derivative, released under Paragraph 9(b) above against any of *Defendants' Released Persons,* the *Plan,* or any *Defendant*.

10. The *District Court* shall retain exclusive jurisdiction to resolve any disputes or challenges that may arise as to the performance of the *Settlement Agreement* or any challenges as to the performance, validity, interpretation, administration, enforcement, or enforceability of the *Class Notice*, this *Final Judgment*, or the *Settlement Agreement* or the termination of the *Settlement*

*Agreement.* The *District Court* shall also retain exclusive jurisdiction and rule by separate Order with respect to all applications for awards of attorneys' fees and payment of *Case Contribution Awards* to the *Named Plaintiffs*, and reimbursements of expenses, submitted pursuant to the *Settlement Agreement.*

11. In the event that the *Settlement Agreement* is terminated in accordance with its terms, this *Final Judgment* shall be rendered null and void, *ab initio,* and shall be vacated *nunc pro tunc*, and this *Action* shall for all purposes with respect to the *Parties* revert to its status as of the day immediately before the *Agreement Execution Date.* The *Parties* shall be afforded a reasonable opportunity to negotiate a new case management schedule.

12. The *District Court* recognizes that *Defendants* have denied and continue to deny the claims of the *Named Plaintiffs* and the *Settlement Class*. Neither the *Settlement Agreement*, this Order and *Final Judgment*, any act performed or document executed in furtherance of the *Settlement*, nor the fact of the *Settlement* shall be used be used or construed as an admission, concession, or declaration of the *Defendants*, or any other person, of any finding of fiduciary status, fault, omission, mistake, or liability, nor shall be offered as evidence of any liability in this *Action* or any other proceeding.

IT IS SO ORDERED.

DATED: 5/21, 2012

HON. OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE